**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francis DeGhetto, et al., | No. CV-23-01649-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Everlake Life Insurance Company, et al., | |
| Defendants. | |

Plaintiffs Francis and Rosemarie DeGhetto brought this action against Defendants Everlake Life Insurance Company ("Everlake") and LifeCare Assurance Company ("LifeCare") in Maricopa County Superior Court on July 10, 2023, alleging that Defendants wrongfully denied their claims for long-term care benefits under a long-term care policy issued by Everlake and administered by LifeCare. Plaintiffs bring claims for breach of contract, bad faith, and intentional infliction of emotional distress.[1] (Doc. 1-4 at 17-51.) On August 14, 2023, Everlake removed the case to this Court, invoking diversity jurisdiction. (Doc. 1.) According to the complaint, Plaintiffs are Arizona residents, Everlake is an Illinois resident, and LifeCare is an Arizona resident. (Doc. 1-4 at 17, 19.) Ordinarily, the presence of a non-diverse defendant would preclude removal, but Everlake contends the Court should disregard LifeCare's residence for purposes of ascertaining

---

[1] They also seek relief in the form of a declaratory judgment regarding their rights under the policy and an injunction.

jurisdiction because LifeCare has been fraudulently joined. (Doc. 1 at 5.) Plaintiffs' have moved to remand. (Doc. 7.) That motion is fully briefed (Docs. 19, 22) and will be granted.[2]

There is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The defendant has the burden of proving that jurisdiction is proper, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

"A district court may disregard a non-diverse party named in the state court complaint and retain federal jurisdiction if the non-diverse party is joined as a sham or if the joinder is fraudulent." *Plute v. Roadway Package System, Inc*., 141 F.Supp.2d 1005, 1008 (N.D. Cal. 2001). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). But, like removal jurisdiction generally, "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute*, 141 F.Supp.2d at 1008. When determining whether a defendant has been fraudulently joined, the court must draw all inferences and resolve all ambiguities in state law in favor of the plaintiff. *See Ballesteros v. Am. Standard Ins. Co. of Wisc.*, 436 F.Supp.2d 1070, 1072 (D. Ariz. 2006). Further, "a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant. Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency." *Nasrawi v. Buck Consultants, LLC*, 776 F.Supp.2d 1166, 1170 (E.D. Cal. 2011) (internal quotations and citations omitted). Thus, "[i]n borderline situations, where it is doubtful whether the complaint states a cause of action against the resident defendant, the doubt is ordinarily resolved in favor of the retention of the cause in the state court." *Albi v. Street & Smith Publications*, 140 F.2d 310, 312 (9th Cir. 1944).

---

[2] Oral argument is denied because it is unnecessary.

Everlake argues that LifeCare has been fraudulently joined as a defendant because LifeCare merely is Everlake's third-party administrator and is a stranger to Plaintiffs' insurance contract. (Doc. 19.) The Court finds Everlake has failed to meet its heavy burden of persuasion for two reasons. First, Arizona law regarding whether and under what circumstances contractual privity is required for an insurance bad faith claim is ambiguous, and this ambiguity must be resolved in favor of Plaintiffs. *See Allo v. Am. Family Mut. Ins. Co.*, No. CV-08-0961-PHX-FJM, 2008 WL 4217675, at *2-3 (D. Ariz. Sep. 12, 2008). Second, Everlake has not persuaded the Court that there is no possibility that the perceived defects in Plaintiffs' claims against LifeCare can be cured via an amended pleading. Indeed, Plaintiffs highlight in their motion to remand the possibility of amending their pleading to allege LifeCare is a joint venturer with Everlake. (Doc. 7 at 8.) And joint venture liability is among the "several distinct theories" under which "Arizona courts have . . . permitted actions in contract and tort for breach of the covenant of good faith to proceed in the absence of contractual privity." *Midtown Hotel Grp. LLC v. Selective Ins. Co. of Am.*, 2023 WL 3603677, at *4 (D. Ariz. May 23, 2023). The Court cannot confidently conclude that there is no possibility Plaintiffs could plead a claim against LifeCare. Accordingly, this matter must be remanded.

Plaintiffs request that they be awarded their reasonably attorney fees and costs associated with their remand motion pursuant to 28 U.S.C. § 1447(c). (Doc. 7 at 14.) Given the strong presumption against removal jurisdiction and a finding of fraudulent joinder, the well-recognized ambiguities in Arizona law regarding whether lack of contractual privity defeats insurance contract and bad faith liability, and the possibility that Plaintiffs could cure any perceived deficiencies in their claims against LifeCare via an amended pleading, the Court "conclude[s] that removal was improper as a matter of law and that an award of fees and costs is appropriate." *Allo*, 2008 WL 4217675, at *3.

/ / /

/ / /

/ / /

1 **IT IS ORDERED** that Plaintiffs' motion to remand (Doc. 7) is **GRANTED**. This matter is remanded to the Maricopa County Superior Court, and Plaintiffs are awarded their associated attorney fees and costs.

Dated this 18th day of October, 2023.

Douglas L. Rayes
United States District Judge